J-S20023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| WAYNE ALAN CURFMAN | : | |
| Appellant | : | No. 1126 WDA 2021 |

Appeal from the PCRA Order Entered August 20, 2021
In the Court of Common Pleas of Blair County
Criminal Division at CP-07-CR-0000719-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| WAYNE ALAN CURFMAN | : | |
| Appellant | : | No. 1127 WDA 2021 |

Appeal from the PCRA Order Entered August 20, 2021
In the Court of Common Pleas of Blair County
Criminal Division at CP-07-CR-0001931-2018

BEFORE: NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY MURRAY, J.: **FILED: July 8, 2022**

Wayne Alan Curfman (Appellant) appeals from the order dismissing, after a hearing, his first counseled petition filed pursuant to the Post

Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  In addition, Appellant's court-appointed counsel (Counsel) has filed an application to withdraw from representation and a "Brief in Support of Application to Withdraw as Counsel."[2]  After careful review, we grant Counsel's application to withdraw and affirm the PCRA court's denial of relief.

On December 20, 2018, the Commonwealth charged Appellant, on two bills of information, with two counts of possession of a small amount of marijuana, and one count each of possession of a controlled substance, possession of drug paraphernalia, possession with intent to deliver (PWID), and firearms not to be carried without a license.  After several status conferences and unsuccessful plea negotiations, jury selection was scheduled to begin on August 26, 2019.  Instead, that morning, Appellant entered a negotiated guilty plea to one count each of PWID, possession of a controlled substance, and firearms not to be carried without a license.  The trial court

---

[1] Appellant complied with the Pennsylvania Supreme Court's directive in **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (holding prospectively that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case.").  On October 15, 2021, this Court *sua sponte* consolidated the appeals.

[2] A **Turner**/**Finley** no-merit letter is the correct filing when counsel wishes to withdraw from representing a PCRA petitioner.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  Here, Counsel's filing more closely resembles a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  Since an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief instead of a **Turner**/**Finley** letter.  **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

immediately sentenced Appellant, in accordance with the terms of the plea, to an aggregate 27 to 60 months' incarceration. On September 5, 2019, Appellant filed a motion to withdraw his guilty plea, which the trial court denied following a December 5, 2019 hearing.

Appellant filed a direct appeal alleging his guilty plea was not knowing, intelligent and voluntary because he "was required to make a hasty decision about whether he would accept the Commonwealth's offer … [and was] compelled to make a snap decision about whether or not to accept the plea offer, even though he was confused about numerous aspects of the plea agreement." *Commonwealth v. Curfman*, 2020 WL 5814595, at *2 (Pa. Super. Sep. 30, 2020) (quotation marks omitted). On September 30, 2020, this Court affirmed Appellant's judgment of sentence. We determined, "the record belie[d] Appellant's claims" he entered a "snap" plea deal he did not understand. *Id.* at *4 (citations omitted). We concluded, "the circumstances surrounding Appellant's plea sufficiently indicate that the plea was voluntary[.] … Appellant failed to demonstrate a manifest injustice to justify the withdrawal of his plea." *Id.* Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

Appellant filed a timely *pro se* PCRA petition on January 27, 2021. The PCRA court appointed Counsel who filed an amended PCRA petition on May 5, 2021. Appellant claimed plea counsel was ineffective for providing "incorrect information" prior to Appellant's entry of his guilty plea, and for "failing to

adequately explain the charges" to Appellant. Amended PCRA Petition, 5/5/21, at 1 (unnumbered). On August 12, 2021, the PCRA court held an evidentiary hearing at which both plea counsel and Appellant testified. On August 20, 2021, the PCRA court denied relief, explaining it

> finds the testimony of [plea counsel] to be credible in all respects. We believe [Appellant's] allegations are without merit. We believe that he entered into his plea of guilty in a knowing, intelligent, and voluntary manner. We do not find that there was any ineffective assistance of counsel provided to him prior to the entry of his guilty plea.

Order, 8/20/21, at 1 (unnumbered).

This timely appeal followed. Appellant and the PCRA court both complied with Pa.R.A.P. 1925. On January 31, 2022, Counsel filed an application to withdraw as counsel, along with an accompanying brief, with notice to Appellant that he had the right to proceed *pro se* or retain private counsel. Accordingly, we first determine if Counsel has satisfied the requirements to be permitted to withdraw from representation.

Pursuant to **Turner/Finley**, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on collateral review] is permitted." **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). Independent review requires proof of:

> 1. A "no merit" letter by [ ] counsel detailing the nature and extent of his review;
>
> 2. The "no merit" letter by [ ] counsel listing each issue the petitioner wished to have reviewed;

- 4 -

3. [C]ounsel's "explanation", in the "no merit" letter, of why the petitioner's issues were meritless;

4. The [ ] court conducting its own independent review of the record; and

5. The [ ] court agreeing with counsel that the petition was meritless.

*Id.* (citation and some brackets omitted).

Additionally:

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

If counsel fails to satisfy the foregoing technical prerequisites of **Turner**/**Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner**/**Finley** request or an advocate's brief.

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner**/**Finley**, the [court] must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

Here, Counsel filed a brief and application to withdraw which demonstrate the nature and extent of Counsel's review of the case. Counsel noted that Appellant told him to file an appeal, but Appellant did not specify what issues he wished to raise on appeal; Counsel explained why the issues raised at the PCRA hearing lacked merit; and Counsel requested permission

- 5 -

to withdraw. **See** Brief in Support of Application to Withdraw as Counsel at 1-10; Application to Withdraw as Counsel, 1/31/21, at 1 (unnumbered). Counsel also sent Appellant a copy of the brief, a copy of the application to withdraw, and a statement advising Appellant of his right to proceed *pro se* or by privately retained counsel. Appellant has not filed a response. Thus, the record reflects Counsel's application to withdraw and brief satisfy the technical demands of **Turner**/**Finley**. We thus review the substance of Appellant's claim to ascertain whether he is entitled to relief.

Appellant asserts plea counsel rendered ineffective assistance and the PCRA court erred in crediting plea counsel's testimony to the contrary. Brief in Support of Application to Withdraw as Counsel at 9-10. We disagree.

> Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. In contrast, we review the PCRA court's legal conclusions *de novo*.

**Commonwealth v. Maxwell**, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*) (citations and quotation marks omitted). Further, a "PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court." **Commonwealth v. Williams**, 141 A.3d 440, 452 (Pa. 2016).

For a PCRA petitioner to obtain relief on an ineffectiveness claim, he must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. ***Commonwealth v. Chmiel***, 612 Pa. 333, 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from ***Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973, 975-76 (Pa. 1987)). Counsel is presumed to have rendered effective assistance. Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Finally, because a PCRA petitioner must establish all the ***Pierce*** prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015).

Appellant alleges plea counsel was ineffective regarding advice counsel gave Appellant prior to entering his plea, and for failing to provide various documents to Appellant. Our Supreme Court has explained:

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the defendant] to enter an involuntary or unknowing plea. In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea.

***Commonwealth v. Allen***, 732 A.2d 582, 587 (Pa. 1999) (citations omitted).

Here, the PCRA court explained:

> At the evidentiary hearing on the Post-Conviction Relief Act Petition, [Appellant] testified that he believed his [plea] counsel did not explain anything to him prior to his plea of guilty, told him that he would be convicted, and didn't inform him about a co-defendant's plea of guilty to possession of a controlled substance.

Generally, [Appellant's] assertions were that he felt pressured[3] to plead guilty and that his [plea] counsel ignored his request for documentation prior to his entry of a guilty plea. [Appellant] also raised issues with the sentencing guidelines and the evidence to support the charges.

Attorney Julia Burke, who represented [Appellant] at his guilty plea hearing, testified at the Post-Conviction Relief Act hearing. Attorney Burke testified that she explained the Commonwealth's evidence to [Appellant]. She indicated that she met with him approximately four times when he was in the Courthouse for status conferences and made two separate trips to the Blair County Prison to sit down individually with [Appellant] and explain the evidence to him and his options as to how to proceed. Furthermore, she explained at the evidentiary hearing the factual basis for the Commonwealth's allegations and explained how the plea agreement resulted in pleas of guilty that were within the state sentencing guidelines.

[The PCRA c]ourt stands by [its] Order of August 20, 2021, wherein [it] denied [Appellant's] Petition for Post-Conviction Relief. [The PCRA c]ourt indicated in that Order that [it] found Attorney Julia Burke credible in all respects. [It] believe[s] that Attorney Burke provided effective assistance of counsel. She met with [Appellant] on several occasions. She explained to him the factual basis of the charges, provided him [with] details about the sentencing guidelines and provided him the maximum penalties that he could receive if he was convicted at trial. [The PCRA c]ourt finds no basis to conclude that any actions on her part or any failure on her part rendered [Appellant's] pleas of guilty involuntary, unknowing, or unintelligent. The entire record of this proceeding evidences [the PCRA c]ourt's belief that [Appellant] entered his pleas of guilty in a knowing, intelligent, and voluntary manner. [The PCRA court] believe[s] that this conclusion is supported by the record of [Appellant's] guilty plea/sentencing hearing, the [PCRA c]ourt's decision on [its] denial of his request to withdraw his guilty plea and the Superior Court of Pennsylvania's previous decision.

---

[3] In Appellant's direct appeal, this Court rejected Appellant's claim that he was pressured to plead guilty. *Curfman*, *supra* at *4.

PCRA Court Opinion, 10/21/21, at 5-7 (footnote added).

The record reveals a litany of Appellant's grievances. ***See***, ***e.g.***, N.T., 8/12/21, at 4 (Appellant referencing co-defendant's guilty plea and asking, "Why would I have plead guilty to it if somebody already did?"); at 9-10 (Appellant complaining about the grading of his PWID and firearms convictions because he "didn't even get caught actively selling drugs. … And there was nothing illegal about the firearm that I had. I didn't have a permit to carry concealed because I had a pistol inside my car. There wasn't a crime in progress[.]"); at 10 (Appellant refuting his prior record score of 2 because he did not "have no crazy criminal history."). With respect to plea counsel's representation, the PCRA court found plea counsel's testimony credible. The credibility finding is binding on this Court. ***Williams***, 141 A.3d at 452. In addition, our review of the record supports the PCRA court's legal analysis. Finally, our independent review reveals there are no meritorious issues Appellant could raise. ***See Pitts***, 981 A.2d at 876 n.1. Accordingly, we grant Counsel's application to withdraw and affirm the denial of PCRA relief.

Application to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2022